## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON HUGELMAN, ) | Case No. 4:16-CV-03128 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | STIPULATED PROTECTIVE |
| ) | ORDER |
| MENARD, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

The Court hereby enters the following Protective Order that will govern the exchange of documents and information by Plaintiff and Defendant, hereinafter referred to individually and collectively as "party" or "parties," in the above-captioned matter.

1. The parties hereto have been and may be requested to produce or disclose through discovery certain materials and information which they maintain is, or contains, trade secret, proprietary information, confidential information (collectively, "Confidential Information"). The parties hereto are being permitted to inspect and obtain Confidential Information for use in the course of this litigation only.

2. All written materials produced or disclosed by any party during pretrial discovery in this action that are designated as "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" shall be revealed only as provided herein.

3. A party's attorney may distribute or share Confidential Information protected by this Stipulated Protective Order with counsel of record for the parties in this litigation, and their legal, paralegal, and clerical staff for the sole purpose of assisting in the prosecution or defense of this action, and with the Court and its staff under such safeguards as the Court may direct so as to preserve and protect the confidentiality of any Confidential Information subject to this Order, and with stenographers and/or videographers retained for purposes of deposition in this matter.

4. A party's attorney may distribute or share Confidential Information protected by this Stipulated Protective Order with the following categories of persons only after the attorney has received a signed Non-Disclosure Agreement in the form of "Exhibit A" (attached) from the person receiving the distribution or information, and such Confidential Information shall be disclosed and used solely to assist in the prosecution or defense of this action and not for any other purpose.

    a.    The parties in this case;

b.  Persons retained to assist counsel of record for a party in this litigation, including experts, consultants, litigation support services, and outside copying services.

5.  Any production by any party of a document containing Confidential Information without such document being marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall not constitute a waiver of confidentiality, upon timely notice to the parties. Upon receiving notice from a producing party that Confidential Information was not previously appropriately marked, all such material shall be marked as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and treated in accordance with the terms of this Stipulated Protective Order. Any party receiving such notice shall further make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material shall immediately be treated in conformity with the terms of this Stipulated Protective Order, and shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive Confidential Information under the terms of this Stipulated Protective Order.

6.  The consent of the parties to the terms of this Protective Order shall not be deemed an admission or acknowledgment with respect to the relevance, competence, or admissibility in evidence of any Confidential Information as to any issue in this action.

7.  Production of documents or information by any party at trial shall not constitute a waiver of the provisions of the Stipulated Protective Order.

8.  To the extent that any motion, pleading, answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal Confidential Information protected by this Stipulated Protective Order, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED."

9.  Nothing herein shall be construed to preclude any party or non-party from seeking further protections from the Court against public disclosure of Confidential Information, or to restrain the Court's authority to issue lawful order governing the use of Confidential Information at trial or hearing.

10.  Upon final termination of this action, including all appeals therefrom, all documents and electronically stored information subject to this Stipulated Protective Order shall be returned to the producing party, or in the alternative shall be destroyed. Counsel shall, upon request, certify compliance with this requirement.

11.  The parties to this agreement consent to the jurisdiction of this Court over the parties hereto indefinitely respecting any dispute between them concerning improper use of information disclosed under protection of this Order.

December 20, 2016.                     BY THE COURT:

*Cheryl R. Zwart*
Cheryl R. Zwart
United States Magistrate Judge

AGREED:

By: SHARON HUGELMAN, Plaintiff

By: WOLFE SNOWDEN HURD LUERS & AHL, LLP
1248 O Street Suite 800
Lincoln NE 68508
Attorneys for Plaintiff

By _____
Stephen L. Ahl, #10036

By: MENARD, INC., Defendant

BAYLOR EVNEN CURTISS GRIMIT & WITT LLP
1248 O Street Suite 600
Lincoln NE 68508
Attorneys for Defendant

By _____
Andrea D. Snowden #21784

3

## NON-DISCLOSURE AGREEMENT

I hereby acknowledge that I have received and read the terms and conditions of the Stipulation between the parties and Protective Order entered by the Court in the litigation captioned Sharon Hugelman v. Menard, Inc. I understand the terms thereof and consent to be bound by such terms.

Further, by executing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the United States District Court for the District of Nebraska, for the limited purpose of enforcing the terms of the Protective Order.

I understand that I may come into contact with information and/or documents which constitute trade secrets, proprietary information, confidential commercial information, financial and/or personal information, and/or other Confidential Information.

I agree to maintain the confidentiality of all such information and documents that are designated "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL." In furtherance of this agreement, I agree to not share or discuss, disclose, describe, or distribute any such designated information and/or documents I receive with (or to) anyone else beyond the scope of necessary testimony and/or consultation in the instant legal proceedings with the parties and/or their attorneys herein, the presiding judge, and/or the jury as may be allowed under applicable rules of evidence. Further, I agree to return all such designated documents to the party that tendered such designated documents to me at the end of this litigation including all appeals therefrom, or to destroy such designated documents without retaining any copy or copies for myself or any other person or entity.

I recognize that a breach of this Non-Disclosure Agreement may be punishable as a contempt of court. All civil remedies for breach of this Non-Disclosure Agreement are specifically reserved and are not waived by the disclosure provided for herein.

Further, in the event of breach of this agreement, I recognize that the producing party or parties may pursue all civil remedies available to them, as beneficiaries of this agreement.

AGREED:

Exhibit A

1514756